FILED

2026 Apr-20  PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ROBERT WARE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:22-cv-0993-AMM-JHE** |
| ) | |
| **SHERIFF SAMANIEGO,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Robert Ware filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Doc. 14. On February 10, 2026, the magistrate judge entered a report recommending the court grant the defendants' motion for summary judgment and dismiss the claims with prejudice. Doc. 43. The magistrate judge granted Mr. Ware's motion for an extension of time to file objections, Docs. 44, 45, and Mr. Ware filed timely objections, Doc. 48.

Mr. Ware first contends the magistrate judge erred by failing to appoint counsel to represent him. Doc. 48 at 3–4. He states the medical claims underlying this action necessitated appointment of counsel and medical experts, along with discovery, would have "materially enhanced" his chances of success. Doc. 48 at 3.

There is no constitutional right to counsel in a civil case, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), and appointment of counsel in a civil matter is a

privilege justified only by exceptional circumstances, such as novel or complex litigation. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014). The magistrate judge determined the claims in this action are not novel or complex, and Mr. Ware did not show how the litigation otherwise justifies appointment of counsel. Doc. 12. While Mr. Ware's claims involve allegations of deliberate indifference to serious medical needs, the court agrees the facts are not novel or complex. Additionally, Mr. Ware has been able to articulate his requests and adequately respond to the court's orders throughout this litigation. Accordingly, Mr. Ware's objections based on the magistrate judge's order denying appointment of counsel is **OVERRULED**.

Next, Mr. Ware restates his claims that the defendants were deliberately indifferent to his serious medical needs. Doc. 48 at 4–8. Specifically, he contends Dr. Ceneus prescribed him medication for hypertension which caused serious side effects. Doc. 48 at 6–7. Dr. Ceneus acknowledges in his sworn declaration that he knew lower extremity edema could be a side effect of the blood pressure medications he prescribed Mr. Ware. Doc. 37-2, Ceneus Decl. ¶ 18. But Dr. Ceneus states that in his medical opinion, continued use of the medications were necessary because Mr. Ware's hypertension, if left uncontrolled, "could cause other serious health conditions including stroke, kidney damage, heart failure, and vision issues." Doc. 37-2, Ceneus Decl. ¶ 18. Viewing the evidence in the light most favorable to Mr.

Ware, the record is absent of evidence that Dr. Ceneus was subjectively aware of a serious risk of harm to Mr. Ware and disregarded that risk to the level of "subjective recklessness as used in the criminal law." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (internal quotation marks and citation omitted). Mr. Ware's medical records, which total thousands of pages, reflect the defendants and other jail medical staff regularly reviewed Mr. Ware's medical conditions, examined him for his complaints, ordered diagnostic testing, referred him to outside specialists, and provided him emergent treatment when necessary. Doc. 41.

An inmate's medical care does not have to be "perfect" or the "best obtainable" to satisfy the inmate's constitutional rights under the Eighth Amendment. *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (internal quotation marks and citation omitted). Rather, medical treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or . . . be intolerable to fundamental fairness." *Id*. (cleaned up). The record simply does not reflect the defendants' actions rose to the level of deliberate indifference.

Similarly, Mr. Ware's belief that Dr. Ceneus should have prescribed him a different medication for hypertension does not state a claim for relief. A difference in opinion between an inmate and the institution's medical staff as to diagnosis and an appropriate course of treatment alone does not give rise to a cause of action under the Eighth Amendment. *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.

3

1991); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[W]hether governmental actors should have employed additional . . . forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Accordingly, Mr. Ware's objections on the foregoing grounds are **OVERRULED**.

Mr. Ware argues the court should entertain his allegation that the defendants failed to warn him about the side effects of certain medications. Doc. 48 at 7–8. But he does not dispute that he failed to properly amend his complaint to state a claim based on this factual allegation, and it would be improper for the court to address it on summary judgment. *See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1227–28 (11th Cir. 2013) ("At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).") (cleaned up). Consequently, Mr. Ware's objection on this ground is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, and Mr. Ware's objections, Doc. 48, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the defendants' motion for summary judgment is due to be **GRANTED**, and the claims are due to be **DISMISSED WITH PREJUDICE**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 20th day of April, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE